FLESH, PETITIONER, v. TEXIDOR, DISTRICT JUDGE, RESPONDENT.

PETITION for a Writ of Certiorari to the District Court of San Juan in an Action of Debt.

No. 260.—Decided November 24, 1919.

JURISDICTION—As a necessary consequence of the provision of section 4 of the act reorganizing the judiciary of Porto Rico to the effect that municipal judges shall have jurisdiction in all civil matters in their districts to the amount of five hundred dollars, including interest, the district courts have jurisdiction when the amount, including interest, exceeds five hundred dollars.

ID.—INTEREST AFTER DEMAND—ATTACHMENT.—When in an action to recover on a note for $500 without interest it is alleged that it was not paid at maturity although payment was demanded of the debtor and the creditor also claims interest after such demand, the district court has jurisdiction to issue an attachment to secure the effectiveness of the judgment, for the debtor being under obligation, according to section 1067 of the Civil Code, to pay interest from the time the creditor demands the fulfillment of the obligation, judicially or *extrajudicially*, it follows that the amount in controversy exceeds $500.

The facts are stated in the opinion.

Mr. V. M. Fernández for the petitioner.

The respondent appeared by brief.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

William B. Flesh & Bro., by attorney V. M. Fernández, presented a petition to this court for a writ of certiorari directed to the Judge of the District Court of San Juan, Section 1, for the purpose of reviewing the procedure of the said court in a civil action brought by the petitioners against Julio César González, alleging that they had been denied an attachment to secure the effectiveness of the judgment in the said case on the ground that the court had no jurisdiction of the case when it really had jurisdiction. The writ issued and the original record was brought up to this court.

From the record it appears that plaintiffs William B. Flesh & Bro. brought an action in the District Court of San Juan, Section 1, on May 16, 1919, against Julio César González to recover on a promissory note for $500 due on the

last day of December, 1918, copying the said note into the complaint and alleging that at its maturity payment had been demanded of the defendant who had not paid the same in whole or in part, nor the interest due thereon from January 1, 1919. In the note the obligor bound himself to pay the said sum without interest on the last day of December, 1918, together with the costs and attorney fees.

The prayer of the complaint is for judgment against the defendant for the sum of $500, with interest thereon at 6 per cent per annum from January 1, 1919, until fully paid, with the costs, disbursements and attorney fees.

On the same day, May 16, 1919, the plaintiffs petitioned for the attachment of properties of the defendant of sufficient value to cover the amount of the note, $500, and an additional sum of $250 to answer for the interest after maturity and the costs, and this petition was denied by an order of May 19 on the ground that the amount sued for in the complaint did not give the court jurisdiction. Thereafter, on August 26 of the same year, the plaintiffs insisted on the attachment and the court again refused to grant it by an order of September 10, following.

The defendant opposed the petition for a writ of certiorari on the ground that the obligation contracted in the note is for the sum of $500 with the express agreement that it should bear no interest; that when interest after maturity has not been agreed upon, interest should be allowed only from the date of the service of the summons, and that the complaint contains no specification of any amount for costs and attorney fees, for all of which the court believes that it has no jurisdiction of the case.

We are of the opinion that the District Court of San Juan, Section 1, has jurisdiction of the case because the amount claimed exceeds $500. According to section 4 of the Act of March 10, 1904 (p. 103), reorganizing the judiciary, the municipal courts have jurisdiction in all civil matters in their districts to the amount of $500, including interest; con-

sequently the district courts have jurisdiction of all civil actions for more than $500, including interest. It is true that the defendant contracted by the said note to pay to the plaintiffs the sum of $500 without interest on the last day of December of the year 1918 and that prevents the plaintiffs from recovering interest until that date, but from that date on they may claim interest, according to section 1067 of the Civil Code to the effect that persons obliged to deliver or to do something are in default from the moment when the creditor demands the fulfillment of their obligation, judicially or extrajudicially. The petitioners alleged that upon the maturity of the obligation payment was demanded of the defendant, and section 1075 of the said code prescribes that the indemnity for default of payment shall consist in the payment of the interest agreed upon, or should there be no agreement, in that of the legal interest.

The District Court of San Juan, Section 1, had jurisdiction of this case and of its incidental proceedings by reason of the amount; therefore its orders of May 19 and September 10 of the present year must be set aside.

*Orders set aside.*

Justices del Toro and Aldrey concurred.

Justices Wolf and Hutchison took no part in the decision of this case.